**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 4:23-CR-00163 |
| v. | (Chief Judge Brann) |
| JEREMY PAULEY, | |
| Defendant. | |

## ORDER

**JUNE 12, 2024**

Currently pending before the Court is Defendant Jeremy Pauley's Motion for Determination of Loss Amount.[1] On June 14, 2023, the Government filed a two-count Information charging Pauley with Conspiracy to Commit Interstate Transportation of Stolen Property in violation of 18 U.S.C. § 371 (Count I), and Interstate Transportation of Stolen Property in violation of 18 U.S.C. § 2314 (Count II).[2] On September 7, 2023, Pauley waived an indictment and pleaded guilty to the counts of the Information.[3] Upon accepting Pauley's guilty plea, the Court ordered the United States Probation Office to conduct a presentence investigation and prepare a presentence report.[4]

The Probation Office provided a draft version of that report to the parties on January 19, 2024.[5] Following several extensions to the deadline to object to the PSR,

---

[1]  Doc. 29.
[2]  Doc. 1.
[3]  Docs. 15, 16.
[4]  Doc. 18.
[5]  Doc. 21.

Pauley now asks the Court to weigh in on a matter of statutory interpretation: whether, and if so to what extent, a sentencing enhancement is appropriate under United States Sentencing Guideline § 2B1.1.[6] Pauley's position is that, because no victim suffered an "actual loss," § 2B1.1 is inapplicable.[7] The Government takes the contrary position, but concurs with Pauley that the Court should resolve the issue prior to sentencing.

Upon a cursory review of Pauley's Motion and the relevant caselaw, the Court agrees that pre-sentencing resolution of the issue is appropriate. For the benefit of the parties, the Court briefly details below what it sees as the key issues and open questions which need to be resolved prior to sentencing. While the Court expects that the parties will address these issues in their briefing and at oral argument, they are also free to raise other, related issues which they believe warrant consideration at this time.[8]

As the parties are aware, the stolen property at issue are human remains which had been donated to the University of Arkansas for Medical Sciences and Harvard Medical School.[9] Once the schools had used the cadavers, the donor's remains would typically be cremated prior to final disposition by the school.[10] Among Pauley's co-

---

[6] Doc. 29 ¶¶ 4-10.
[7] *Id.*
[8] Objections and argument which are not related to the issues identified in Pauley's Motion and the Court's Order should be raised as they otherwise would be in the ordinary course.
[9] Doc. 1 ¶¶ 2-3, 13-28.
[10] *Id.*

conspirators were individuals with access to the cadavers which were awaiting cremation.[11] Those individuals would dissect portions of the donated cadavers and sell them to buyers in multiple states, including Pauley.[12]

United States Sentencing Guideline § 2B1.1(b)(1) provides for a sentencing enhancement where the loss resulting from an offense involving stolen property exceeds $6,500. In the Draft Presentence Report, the Probation Office assessed a six-level increase under § 2B1.1(b)(1)(D), based upon the "fair market value" of the remains, which it estimated to be between $45,000 and $95,000.[13] Pauley objects to the enhancement on two grounds: "first, that there ought not to be a loss . . . as the victim suffered no loss, and second, any loss, if applicable, would be less than a 6-level enhancement."[14]

In *United States v. Banks*, the United States Court of Appeals for the Third Circuit held that "[t]he ordinary meaning of 'loss' in the context of § 2B1.1 is 'actual loss'"[15] While "'loss' could mean pecuniary or non-pecuniary loss and could mean actual or intended loss," the Third Circuit found that, "in the context of a sentence

---

[11]   *Id.* ¶¶ 5, 6-9.

[12]   *Id.* Section IV.

[13]   Sealed Doc. 21 ¶ 42; Doc. 29, ¶ 5. As Pauley cited the draft PSR in his Motion, the Court obtained a copy from the Probation Office for the purpose of evaluating the issues discussed herein. The Court directs the Probation Office to file a sealed copy of the PSR together with any objections received to date as it would in the ordinary course. The Court emphasizes that the draft PSR and objections will be reviewed by the Court only for the purpose of resolving the pending Motion in *Limine*. The PSR is still subject to revision and objections by a date to be set following the resolution of the pending Motion. *Infra* ¶ 1.

[14]   Doc. 29 ¶ 8.

[15]   55 F.4th 246, 257 (3d Cir. 2022).

enhancement for basic economic offenses, the ordinary meaning of the word 'loss' is the loss the victim actually suffered."[16] While *Banks* did not explicitly address whether the ordinary meaning of "loss" in the context of § 2B1.1 is "pecuniary loss," applying the logic of *Banks* seems to compel that conclusion.

Unsurprisingly, the application of § 2B1.1 in a case involving the theft and sale of human remains appears to be a matter of first impression. But, if § 2B1.1(b)(1) applies only where the victim has suffered a pecuniary loss, it is difficult to imagine how it applies here. As alleged in the Information, the human remains in question were harvested from cadavers which were slated for cremation. The schools then seem to have no further economic interest in the donor's remains.

The Court notes that the Probation Office received several letters from the families of donors whose remains may have been stolen as part of the scheme. In each letter, family members attempt to describe the indescribable; the anguish of finding out that, in return for donating their bodies to science, their loved ones had their remains desecrated. While those family members have undoubtedly suffered an incalculable loss, they do not appear to have suffered a *pecuniary* loss.

It also seems to the Court, upon a brief review of the matter, that "the question of whether there can be a value on human remains" is an issue distinct from the one presented by § 2B1.1. In at least one sense, it seems indisputable that there can be a

---

[16] *Id.* at 258.

valuation of human remains—Pauley paid tens of thousands of dollars to purchase them. However, whatever the market value of the remains, the question posed by § 2B1.1 is the value of the loss suffered by the victim. Though the Court can consider the fair market value of the stolen goods in determining the amount of a loss, it appears that it can only do so after the Court has determined there is a loss to calculate. Further, the value of the loss suffered by a victim can be, but is not necessarily the same as the market value of the stolen property.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Jeremy Pauley's Motion to Continue PSR Objections Deadline (Doc. 28) is **GRANTED**. The deadline to submit PSR objections is continued to a date to be determined upon resolution of the pending Motion for Determination of Loss Amount.

2. Defendant Jeremy Pauley shall file a brief in support of his Motion for Determination of Loss Amount (Doc. 29) no later than **June 28, 2024**. The Government shall file a responsive brief no later than **July 12, 2024**. Pauley may file a Reply brief no later than **July 19, 2024**.

3. Oral argument on Pauley's Motion is **SCHEDULED for August 6, 2024 at 10:00 a.m.**, in Courtroom 1, Fourth Floor, United States Courthouse and Federal Building, 240 West Third Street, Williamsport, Pennsylvania.

4.      Each party shall submit to the deputy clerk before or at the outset of the hearing two (2) copies of a list of exhibits[17] the party expects to admit.

5.      Each party shall submit to the deputy clerk before or at the outset of the hearing either two (2) binders or a USB flash drive holding copies of documentary exhibits. The binders are for the convenience of the Court; the party should retain the "best evidence" of the document for purposes of admission during the proceedings.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[17]   See attached form. You may contact Chambers to obtain a Word version of this form.

**Caption:**

**Case No:**

**Judge:**

**Date:**

## <u>EXHIBIT LIST</u>

| Completed by Counsel | | Completed by Courtroom Deputy | | |
|---|---|---|---|---|
| Exhibit No. (P/D-#) | Exhibit Description | Date Identified | Date Admitted | Witness |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |