

U.S. Department of Justice

*Brian D. Miller*
*United States Attorney*
*Middle District of Pennsylvania*

Website: www.justice.gov/usao/pam/
Email: usapam.contact@usdoj.gov

| | | |
|---|---|---|
| *William J. Nealon Federal Building*<br>*235 N. Washington Avenue, Suite 311*<br>*P.O. Box 309*<br>*Scranton, PA 18503-0309*<br>*(570) 348-2800* | *Sylvia H. Rambo Courthouse*<br>*1501 North 6th Street, 2nd Floor*<br>*P.O. Box 202*<br>*Harrisburg, PA 17102*<br>*(717) 221-4482* | *Herman T. Schneebeli Federal Building*<br>*240 West Third Street*<br>*Suite 316*<br>*Williamsport, PA 17701-6465*<br>*(570) 326-1935* |

*Please respond to: Williamsport*

December 5, 2025

Honorable Chief Judge Brann
United States District Court
Middle District of Pennsylvania
240 West Third Street
Williamsport, PA 17701

      RE:  *United States v. Jeremy Pauley*
            District Case Number: 4:23-CR-00163

Dear Chief Judge Brann:

      This letter is offered to the Court in anticipation of the sentencing of Jeremy Pauley ("Pauley") scheduled for December 22, 2025. The United States notes that the advisory guideline calculations set forth in the Presentence Report ("PSR") are 15 to 21 months based on criminal history category III and a total offense level of 12.[1] Doc. 42.

---

[1] The United States acknowledges the Court's Memorandum and Opinion of August 24, 2024, regarding the issue of loss in view of *United States v. Banks,* 55 F.4th 246, 256 (3d Cir. 2022), but incorporates the arguments set forth in its Brief in Opposition (Doc. 35) and formally objects to Paragraph 46 of the PSR. Had the loss calculation been

In prior sentencing hearings for related cases, the United States sought upward departures under Sections 5K2.8 and 5K2.0 of the Sentencing Guidelines, noting that a departure under § 5K2.8 is appropriate because the defendant's conduct was unusually heinous, cruel, and degrading; and a departure under § 5K2.0 is warranted because there exist circumstances relevant to determining an appropriate sentence that the Commission had not identified in the guidelines. Alternatively, the government requested an upward variance for the same reasons.[2]

On November 1, 2025, amendments to the guidelines took effect, including the removal of departures, which are now listed in Appendix B, Part III. In explaining the change, the Sentencing Commission notes:

> *In 2025, the Commission amended the Guidelines Manual to remove departures and policy statements relating to specific personal characteristics. (See USSG App. C, amend. 836 (effective Nov. 1, 2025). The Commission sought to make these changes to better align the requirements placed on the court and acknowledge the growing shift away from the use of departures provided for within the Guidelines Manual in the wake of* United States v. Booker, *543 U.S. 220 (2005), and subsequent decisions. The Commission envisioned and framed this 2025 amendment to be outcome neutral. As such, the removal of departures from the Guidelines Manual does not reflect a determination by the Commission that the rationale underlying the deleted departure provisions is no longer informative or that a court should no longer consider such facts for purposes of determining the appropriate sentence. The removal of departures does not limit the information courts may consider in imposing a sentence and*

---

included, the offense level would have increased by fourteen levels under §2B1.1(b)(1) of the Guidelines.

[2] *See United States v. Lampi,* 4:23-CR-162, Doc. 43; *United States v. Pereyra,* 4:24-CR-130, Doc. 39.

> *it is the Commission's intent that judges who would have relied upon facts previously identified as a basis for a departure will continue to have the authority to rely upon such facts to impose a sentence outside of the applicable guideline range as a variance under 18 U.S.C. § 3553(a).*[3]

In accordance with §1B1.11 of the Guidelines, the Court shall use the Guidelines Manual in effect on the date that the defendant is sentenced unless the Court determines that the use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the ex post facto clause of the United States Constitution. Because this change – away from departures and toward variances – is meant to be "outcome neutral," it is the view of the United States that an upward variance is now the appropriate avenue in achieving a just sentence in this case. Insofar as this Court determines the use of the 2025 Guideline Manual would run afoul of the ex post facto clause, the United States maintains and provides notice to defense counsel that the United States would also seek the identified upward departures as an alternative mechanism toward achieving a just sentence.

Under the unique circumstances of this case, the United States asks that the Court sentence the defendant to a cumulative 180 months of incarceration to be followed by three years of supervised release along with the imposition of a $200 special assessment.

On or before December 15, 2025, the United States intends to file a sentencing memorandum responding to defense counsel's PSR objections and detailing the salient 3553(a) factors in support of its recommendation.

Respectfully,

---

[3] USSG, Appx B, Part III, p. 133.

ALISAN V. MARTIN
Assistant United States Attorney
Attorney I.D. No. PA 316757
United States Attorney's Office
240 West Third Street, Suite 316
Williamsport, PA  17701
Telephone:  570-326-1935
Email:  Alisan.Martin@usdoj.gov

cc:     Jonathan R. White, Esq.

4